Todd M. Friedman (SBN 216752)
Meghan E. George (SBN 274525)
Adrian R. Bacon (SBN 280332)
Tom E. Wheeler (SBN 308789)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
mgeorge@toddflaw.com
abacon@toddflaw.com
twheeler@toddflaw.com
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ABANTE ROOTER AND PLUMBING, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>LOFT ASSOCIATES, LLC d/b/a CHEDDAR EXPRESS; DOES 1 through 10, inclusive,<br><br>Defendant(s). | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.]<br>2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.]<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, ABANTE ROOTER AND PLUMBING ("Plaintiff"), on behalf of itself and all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1. Plaintiff brings this action for itself and others similarly situated

seeking damages and any other available legal or equitable remedies resulting from the illegal actions of LOFT ASSOCIATES, LLC d/b/a CHEDDAR EXPRESS ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff via "telephone facsimile machine" and its cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq*. ("TCPA"), thereby causing Plaintiff and all others similarly situated to incur the costs of receiving unsolicited advertisement messages via "telephone facsimile machines" and invading their privacy through text messages sent to their cellular telephone.

## JURISDICTION & VENUE

2. Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, a resident of California, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a New York Limited Liability Company. Plaintiff also seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3. Venue is proper in the United States District Court for the Northern District of California pursuant to *28 U.S.C. § 1391(b)(2)* because Defendant does business within the state of California and Plaintiff resides within this District.

## PARTIES

4. Plaintiff, ABANTE ROOTER AND PLUMBING ("Plaintiff"), is a natural person residing in Alameda, California and is a "person" as defined by *47 U.S.C. § 153 (39)*.

5. Defendant, LOFT ASSOCIATES, LLC d/b/a CHEDDAR EXPRESS ("Defendant" or "DEFENDANT"), is a business financing company, and is a "person" as defined by *47 U.S.C. § 153 (39)*.

6. The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

8. Beginning in or around March 2017, Defendant contacted Plaintiff on its cellular telephone number ending in -6147 and, beginning in or around February 2017, on it facsimile numbers ending in -2803, and -2428 as well in an effort to sell or solicit its services.

9. Defendant contacted Plaintiff via facsimile from telephone numbers confirmed to belong to Defendant.

10. Defendant's messages to constituted "telephone solicitation" as defined by the TCPA, *47 U.S.C. § 227(a)(4)* and "unsolicited advertisement" as defined by the TCPA, *47 U.S.C. § 227(a)(5)*.

11. Defendant used an "telephone facsimile machine" as defined by *47 U.S.C. § 227(a)(3)* to place its calls to Plaintiff seeking to sell or solicit its business services.

12. Defendant used an "automatic telephone dialing system" as defined

by *47 U.S.C. § 227 (b)(1)*.

13. Furthermore, Defendant sent Plaintiff multiple text messages soliciting Defendant's services from the short-codes 702-44, and 821-49 containing the following message:

> Your Business has been PRE-APPROVED
> for Capital Advance up to $250K. Please
> reply "CHEDDAR" call 844-887-8082
> Click apply bit.ly/chedx reply "STOP" to
> opt-out.

14. On information and belief, Plaintiff alleges that this text message, and similar generic text messages were sent *en mass* sequentially to lists of phone numbers, by Defendant, using an SMS blasting platform, which qualifies as an "automatic telephone dialing system" as defined by *47 U.S.C. 227 (a)(1).*

15. Defendant contacted Plaintiff between on or around February of 2017 until on or around September of 2017 in an effort to solicit its business through both text messages sent to Plaintiff's cellular telephone or fax messages sent to Plaintiff's facsimile machine.

16. Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

17. Defendant's calls were placed to telephone facsimile numbers assigned to a telephone service for which Plaintiff incurs a charge for incoming messages.

18. Plaintiff is not a customer of Defendant's services and has never provided any personal information, including its cellular telephone number or its telephone facsimile number(s), to Defendant for any purpose whatsoever. Accordingly, Defendant never received Plaintiff's "prior express consent" to receive calls using a telephone facsimile machine or its cellular telephone pursuant to *47 U.S.C. § 227(b)(1)C) and 47 U.S.C. § 227(b)(1)(A)*.

**CLASS ALLEGATIONS**

19. Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the two proposed classes (hereafter "The Classes").

20. The class concerning the unsolicited telephone facsimile messages (hereafter "The Facsimile Class") is defined as follows:

> All persons within the United States who received any telephone facsimile messages from Defendant to said person's telephone facsimile number made through the use of any telephone facsimile machine and such person had not previously consented to receiving such messages within the four years prior to the filing of this Complaint

21. The class concerning unsolicited text messages (hereafter "The Texting Class") is defined as follows:

> All persons within the Unites States who received any SMS messages from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such messages within the four years prior to the filing of this Complaint

22. Plaintiff represents, and is a member of, The Facsimile Class, consisting of all persons within the United States who received any telephone facsimile messages from Defendant to said person's telephone facsimile number made through the use of any telephone facsimile machine and such person had not previously not provided their telephone facsimile number to Defendant within the four years prior to the filing of this Complaint.

23. Plaintiff represents, and is a member of, The Texting Class, consisting of all persons within the United States who received any SMS messages from Defendant to said person's cellular telephone made through the use of any

automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously not provided their cellular telephone number to Defendant within the four years prior to the filing of this Complaint.

24. Defendant, its employees and agents are excluded from The Facsimile Class. Plaintiff does not know the number of members in The Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

25. The Classes are so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Classes members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Classes includes thousands of members. Plaintiff alleges that The Classes members may be ascertained by the records maintained by Defendant.

26. Plaintiff and members of The Facsimile Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and Facsimile Class members via their telephone facsimile numbers thereby causing Plaintiff and Class members to incur certain charges or reduced telephone facsimile time for which Plaintiff and Facsimile Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and Facsimile Class members.

27. Common questions of fact and law exist as to all members of The Facsimile Class which predominate over any questions affecting only individual members of The Facsimile Class. These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Facsimile Class members, include, but are not limited to, the following:

a. Whether, within the four years prior to the filing of this Complaint,

Defendant sent telephone facsimile messages (other than for emergency purposes or made with the prior express consent of the called party) to a Facsimile Class member using any telephone facsimile machine to any telephone number assigned to a telephone facsimile service;

b. Whether Plaintiff and the Facsimile Class members were damaged thereby, and the extent of damages for such violation; and

c. Whether Defendant should be enjoined from engaging in such conduct in the future.

28. As a person who received numerous messages from Defendant using a telephone facsimile machine, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of The Facsimile Class.

29. Plaintiff and members of The Texting Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and Texting Class members via their cellular telephones thereby causing Plaintiff and Texting Class members to incur certain charges or reduced telephone time for which Plaintiff and Texting Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and Texting Class members.

30. Common questions of fact and law exist as to all members of The Texting Class which predominate over any questions affecting only individual members of The Texting Class. These common legal and factual questions, which do not vary between Texting Class members, and which may be determined without reference to the individual circumstances of any Texting Class members, include, but are not limited to, the following:

a. Whether, within the four years prior to the filing of this Complaint, Defendant sent any SMS messages (other than a message made for emergency purposes or made with the prior express consent of the called party) to a Texting Class member using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

b. Whether Plaintiff and the Texting Class members were

damages thereby, and the extent of damages for such violation; and

c. Whether Defendant should be enjoined from engaging in such conduct in the future.

31. As a person that received numerous messages from Defendant using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of The Texting Class.

32. Plaintiff will fairly and adequately protect the interests of the members of The Classes. Plaintiff has retained attorneys experienced in the prosecution of class actions.

33. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Classes members is impracticable. Even if every Classes member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Classes member.

34. The prosecution of separate actions by individual Classes members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Classes members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

35. Defendant has acted or refused to act in respects generally applicable to The Classes, thereby making appropriate final and injunctive relief with regard

to the members of the Classes as a whole.

## FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**
**47 U.S.C. §227 et seq.**
**On behalf of the Facsimile Class**

36. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-35.

37. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq*.

38. As a result of Defendant's negligent violations of *47 U.S.C. § 227 et seq*., Plaintiff and the Facsimile Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

39. Plaintiff and the Facsimile Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**
**47 U.S.C. §227 et seq.**
**On behalf of the Facsimile Class**

40. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-35.

41. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq*.

42. As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff and the Facsimile Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

43. Plaintiff and the Facsimile Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**THIRD CAUSE OF ACTION**
**Negligent Violations of the Telephone Consumer Protection Act**
**47 U.S.C. §227 et seq.**
**On behalf of the Texting Class**

44. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-35.

45. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq*.

46. As a result of Defendant's negligent violations of *47 U.S.C. § 227 et seq*., Plaintiff and the Texting Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

47. Plaintiff and the Texting Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**FOURTH CAUSE OF ACTION**
**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**
**47 U.S.C. §227 et seq.**
**On behalf of the Texting Class**

48. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-35.

49. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq*.

50. As a result of Defendant's knowing and/or willful violations of *47*

*U.S.C. § 227 et seq.*, Plaintiff and the Texting Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

51. Plaintiff and the Texting Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

**FIRST CAUSE OF ACTION**
**Negligent Violations of the Telephone Consumer Protection Act**
**47 U.S.C. §227 et seq.**

- As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1)*, Plaintiff and the Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*; and
- Any and all other relief that the Court deems just and proper.

**SECOND CAUSE OF ACTION**
**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**
**47 U.S.C. §227 et seq.**

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff and the Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*; and
- Any and all other relief that the Court deems just and proper.

**THIRD CAUSE OF ACTION**
**Negligent Violations of the Telephone Consumer Protection Act**
**47 U.S.C. §227 et seq.**

- As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1)*, Plaintiff and the Class members are entitled to and

request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*; and

- Any and all other relief that the Court deems just and proper.

**FOURTH CAUSE OF ACTION**

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff and the Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*; and

- Any and all other relief that the Court deems just and proper.

**JURY DEMAND**

52. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff reserves their right to a jury on all issues so triable.

Respectfully Submitted this 21st day of December, 2018.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By: /s Todd M. Friedman
Todd M. Friedman
Law Offices of Todd M. Friedman
Attorney for Plaintiff